■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOHN S. REARDON, Appellant.—Judgment unanimously af-
firmed. Memorandum: Defendant's second trial was not barred
by the double jeopardy clauses of either the Federal (US Const
5th Amend) or State Constitutions (NY Const, art I, § 6).
Where the defendant either requests a mistrial or consents to
its declaration, the double jeopardy clauses do not ordinarily
bar a second trial (People v Ferguson, 67 NY2d 383, 388; see,
e.g., United States v Scott, 437 US 82, 93). There is no dispute
that defendant requested the mistrial during the first trial.
We find no support for defendant's claim that the mistrial
motion was necessitated by a deliberate intent on the part of
the prosecution to provoke a mistrial (see, Oregon v Kennedy,
456 US 667). We have reviewed the other claims of error
raised on appeal and find them to be without merit. (Appeal
from judgment of Erie County Court, McCarthy, J.—criminal
possession of controlled substance, third degree.) Present—
Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
LEROY HAINES, Appellant.—Judgment unanimously affirmed
(see, People v Clearwater, 98 AD2d 912). (Appeal from judg-
ment of Cattaraugus County Court, Kelly, J.—criminal posses-
sion of stolen property, second degree.) Present—Callahan,
J. P., Doerr, Boomer, Green and Lawton, JJ.