■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. MAGEE, Appellant. [679 NYS2d 485] —Judgment unanimously affirmed. Memorandum: Defendant was charged with criminally negligent homicide (Penal Law § 125.10) for causing the death of a man on June 24, 1995 by striking him in the head with a blunt instrument believed to be a tree limb or log. At defendant's first trial, a prosecution witness testified that he was riding his bicycle home at approximately 4:00 A.M. on June 24, 1995 when he observed a man lying on the ground on Steele Street. When he observed that the man was covered in blood, he went home and called 911. He then returned to the scene to assist the police in locating the body. After the witness finished testifying, a juror asked to speak with the Judge and the attorneys. County Court conducted a colloquy with the juror outside the presence of the other jurors. The juror stated that he recognized the People's witness as the person he observed riding a bicycle on Steele Street on the night in question at about 11:30 P.M. He also recalled seeing another man who was drunk leaning against a telephone pole. The court and attorneys agreed that the juror had to be excused from the jury. However, neither party could determine at that time whether the juror might serve as a potential witness. The court adjourned the proceedings to permit the prosecutor and defense counsel to interview the juror to determine whether he would be called as a witness. The court noted that the juror "could not testify as a witness in front of the jury panel [of] which he

was a part". The prosecutor agreed, and defense counsel noted that it would be a "very strange circumstance". Following the recess, the court stated on the record that, "based upon what [the juror] told us[,] he can no longer serve as a juror in this matter". Therefore, the court discharged the juror and substituted an alternate juror. The court then noted that both the prosecutor and defense counsel had interviewed the juror to determine whether he might be called as a witness. Defense counsel advised the court that there was "certainly * * * a possibility" that the defense would call the juror as a defense witness. The prosecutor stated that he would not call the juror as a witness.

After stating the reasons for its action, the court, upon its own motion, declared a mistrial pursuant to CPL 280.10 (3) because "it is impossible to proceed with this trial in conformity of law". Defense counsel objected to the court granting a mistrial. Thereafter, defendant made a motion to dismiss the indictment on the ground that the court erred in granting a mistrial upon its own motion and contended that any retrial would be barred by the prohibition against double jeopardy. The court denied defendant's motion and, following a second trial, at which the former juror was not called as a witness, defendant was convicted of criminally negligent homicide as charged.

Where a court grants a mistrial over the objection of a defendant or without obtaining the defendant's consent, the double jeopardy provisions of both our State Constitution (NY Const, art I, § 6) and Federal Constitution (US Const 5th Amend) prohibit retrial for the same crime unless there was a "manifest necessity" for the mistrial or "the ends of public justice would otherwise be defeated" (*United States v Perez,* 22 US 579, 580; *see, People v Ferguson,* 67 NY2d 383, 388; *Matter of Enright v Siedlecki,* 59 NY2d 195, 199; *People v Michael,* 48 NY2d 1, 9). "These principles have to some extent been codified in CPL 280.10 (subd 3), which allows a court to declare a mistrial on its own motion only 'when it is physically impossible to proceed with the trial in conformity with law'" (*People v Michael, supra,* at 9). Because the Trial Judge is in the best position to determine whether a mistrial is in fact necessary in a particular case, that court is entrusted with discretion, and deference must be accorded the Trial Judge's decision to declare a mistrial (*see, People v Michael, supra,* at 9).

The court did not abuse its discretion in declaring a mistrial on its own motion after the court properly dismissed a sworn juror who possessed personal knowledge of the case (*see,* CPL

270.35; *People v Buford,* 69 NY2d 290, 298) and after defense counsel advised the court that there was a possibility that the former juror would be called as a defense witness. As the court properly noted, it would be "patently unfair" for the jury to have to assess the credibility of a witness who had been a member of the jury panel. The court properly concluded that it would be "impossible to proceed with the trial in conformity with law" (CPL 280.10 [3]). Thus, defendant's retrial was not barred by the prohibition against double jeopardy. (Appeal from Judgment of Chautauqua County Court, Ward, J.— Criminally Negligent Homicide.) Present—Green, J. P., Lawton, Callahan, Balio and Fallon, JJ.