People v Murray (2021 NY Slip Op 02896)





People v Murray


2021 NY Slip Op 02896


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


145 KA 19-01654

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JULIAN MURRAY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered May 15, 2019. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant contends that County Court erred in refusing to suppress evidence seized by parole officers during a search of his residence because the search was based on a tip from an anonymous source that was not corroborated, and neither the source's basis of knowledge nor his or her reliability was established. At the suppression hearing, defendant's parole officer (officer) testified that, during the search of defendant's residence, parole officers found a shotgun in a closet wrapped in a t-shirt and a plastic bag and underneath some clothes. The officer testified that the parole officers searched defendant's residence based on a call the officer received that defendant may be in possession of a firearm. The officer testified that the call came from the Department of Probation, although he could not recall who the probation officer was that made the call. He testified that he probably made an entry in the computer about that call. The court directed the People to make a printout of that entry, the People thereafter provided that document to defense counsel, and the officer was recalled to the stand for further cross-examination. Defense counsel did not ask the officer any additional questions about the tip received from the Department of Probation other than questions about the timing of the call and the subsequent search.
We conclude that defendant's contention is not preserved for our review inasmuch as he failed to raise it before the suppression court (see People v Cruz, 137 AD3d 1158, 1159 [2d Dept 2016], lv denied 28 NY3d 970 [2016]; People v Fulton, 133 AD3d 1194, 1195 [4th Dept 2015], lv denied 26 NY3d 1109 [2016], reconsideration denied 27 NY3d 997 [2016]; People v Rolle, 72 AD3d 1393, 1395 [3d Dept 2010], lv denied 16 NY3d 745 [2011]; see also People v Lanaux, 156 AD3d 1459, 1460 [4th Dept 2017], lv denied 31 NY3d 985 [2018]). Contrary to defendant's contention, he did not preserve that issue for our review through either that part of his omnibus motion seeking to suppress the evidence or his posthearing memorandum. A question of law with respect to a ruling of a suppression court is preserved for appeal when "a protest thereto was registered, by the party claiming error, at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same . . . , or if in response to a protest by a party, the court expressly decided the question raised on appeal" (CPL 470.05 [2]; see People v Parker, 32 NY3d 49, 57 [2018]; People v Miranda, 27 NY3d 931, 932 [2016]). In his omnibus motion, defendant sought, inter alia, suppression of the evidence seized during the search on the ground that the evidence "was taken in violation of . . . defendant's constitutional [*2]rights" inasmuch as it was done without "a search warrant or probable cause." Those "broad challenges" are insufficient to preserve defendant's present contention (Parker, 32 NY3d at 58). In defendant's posthearing memorandum, he argued that the search was invalid because there was no warrant or consent to search, that the search was not rationally related to the duties of the officer, and that the parole officers were acting as police officers when conducting the search. He did not raise his present contention that the People were required to prove that the information provided to the officer satisfied the Aguilar-Spinelli test in order for the search to be lawful, even though he was then aware of the basis for the search (cf. People v Landy, 59 NY2d 369, 374 [1983]; see generally People v John, 27 NY3d 294, 303 [2016]). Nor did the court expressly decide that issue (see Parker, 32 NY3d at 57-58; Miranda, 27 NY3d at 932-933). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (CPL 470.15 [3] [c]).
Defendant contends that he received ineffective assistance of counsel based on defense counsel's failure to preserve the suppression issue for our review. On a claim of ineffective assistance of counsel, defendant must "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (People v Honghirun, 29 NY3d 284, 289 [2017] [internal quotation marks omitted]). In addition, it is well settled that " 'counsel's efforts should not be second-guessed with the clarity of hindsight to determine how the defense might have been more effective' " (id. at 290, quoting People v Benevento, 91 NY2d 708, 712 [1998]). On this record, we conclude that defendant failed to meet his burden of establishing the absence of strategic or other legitimate explanations for defense counsel's conduct (see generally People v Hymes, 34 NY3d 1178, 1178-1179 [2020]; People v Garcia, 75 NY2d 973, 974 [1990]; People v Freeman, 169 AD3d 1513, 1514 [4th Dept 2019], lv denied 33 NY3d 976 [2019]). Contrary to defendant's contention, the issue whether the People were required to demonstrate the reliability or credibility of the information obtained from the Department of Probation was not "so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it" (People v McGee, 20 NY3d 513, 518 [2013]; see generally People v Quinones, 12 NY3d 116, 121-122 [2009], cert denied 558 US 821 [2009]). Viewing defense counsel's performance in this case in totality "throughout the proceedings, including at the suppression hearing," we conclude that defendant was afforded meaningful representation (People v Parson, 27 NY3d 1107, 1108 [2016]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). "To find otherwise on this record necessitates engaging in the exact form of hindsight review that [the Court of Appeals] has cautioned against in analyzing ineffective assistance of counsel claims" (Parson, 27 NY3d at 1108).
All concur except Bannister, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent. In my view, the warrantless search of defendant's residence by defendant's parole officers in this case was unlawful because the sole reason for the search was essentially an anonymous tip received from an unidentified, unnamed person associated with the "Department of Probation."
Initially, I disagree with my colleagues that defense counsel failed to preserve that issue for our review. Prior to trial, defense counsel filed an omnibus motion seeking, inter alia, to suppress the evidence obtained from the search based on lack of probable cause. Defense counsel further argued that defendant's parole officer acted without authority and that the search was "not merely a parole search." It was the People's burden at the suppression hearing to prove that defendant's parole officer was "reasonably justified" in conducting the warrantless search, which requires consideration of the reason for the search, i.e., here, the tip (People v McMillan, 29 NY3d 145, 148 [2017]; see generally People v Huntley, 43 NY2d 175, 181 [1977]). Moreover, defense counsel did challenge the parole officer's reason for the search on cross-examination when he questioned the parole officer about the tip. Indeed, the hearing was paused for the parole officer to produce the computer entry of the call log with respect to the tip. However, the call log provided no information beyond that provided in the testimony of the parole officer, who simply stated that a tip came in from "someone" at the Department of Probation. Additionally, in the posthearing memorandum, defense counsel argued that the search was unlawful because it was effected without the requisite authorization. Thus, defense counsel continuously challenged the authority for the parole officer's actions. Moreover, "[t]he mere emphasis of one prong of attack over another or a shift in theory on appeal, will not constitute a failure to preserve" (People v De Bour, 40 NY2d 210, 215 [1976]).
With respect to the merits, it is well settled that even parolees have a constitutional right to be free from unreasonable searches and seizures (see People v Hale, 93 NY2d 454, 459 [1999]; People v Johnson, 94 AD3d 1529, 1531 [4th Dept 2012], lv denied 19 NY3d 974 [2012]). Nevertheless, " 'what may be unreasonable with respect to an individual who is not on parole may be reasonable with respect to one who is' " (Johnson, 94 AD3d at 1531, quoting Huntley, 43 NY2d at 181). A parolee's right to be free from unreasonable searches and seizures is not violated if a parole officer's search of the parolee's person or property "is rationally and reasonably related to the performance of his [or her] duty as a parole officer" (Huntley, 43 NY2d at 179; see People v Sapp, 147 AD3d 1532, 1533 [4th Dept 2017], lv denied 29 NY3d 1086 [2017]; People v Farmer, 136 AD3d 1410, 1410 [4th Dept 2016], lv denied 28 NY3d 1027 [2016]).
Over forty years ago, the Court of Appeals in People v Jackson (46 NY2d 171, 175-176 [1978]) determined that a probation officer's search of a defendant and his vehicle was unlawful because it was based on only an anonymous accusation. The Court concluded that such information could not reasonably justify the officer's warrantless search (id.; cf. McMillan, 29 NY3d at 149). While courts have upheld searches of a parolee's residence where a parole officer "received information from law enforcement sources that defendant might be engaged in activity in violation of parole conditions . . . [or] received information from a confidential informant," the information provided by the source was found to be reliable or was corroborated in some way (People v Bermudez, 49 Misc 3d 381, 389 [Monroe County Ct 2015] [internal quotation marks omitted]; see People v Johnson, 63 NY2d 888, 890 [1984], rearg denied 64 NY2d 647 [1984]; People v Wade, 172 AD3d 1644, 1645 [3d Dept 2019], lv denied 33 NY3d 1109 [2019]; People v Porter, 101 AD3d 44, 45, 47-48 [3d Dept 2012], lv denied 20 NY3d 1064 [2013]).
Here, defendant's parole officer testified that the sole reason for searching defendant's residence was the anonymous tip from an unknown person at the Department of Probation, about whom the officer could not provide any information at the suppression hearing. Moreover, there was no corroboration of the information provided by the anonymous source. Thus, I conclude that there is no support in the record for County Court's conclusion that the warrantless search of defendant's residence was lawful and reasonable.
I would therefore reverse the judgment, vacate the plea, grant that part of the omnibus motion seeking to suppress physical evidence, dismiss the indictment, and remit the matter to County Court for proceedings pursuant to CPL 470.45.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court