People v Haffa (2021 NY Slip Op 04855)





People v Haffa


2021 NY Slip Op 04855


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


577 KA 18-01630

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN S. HAFFA, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (EMILY A. WOODARD OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered April 30, 2018. The judgment convicted defendant upon a jury verdict of robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the third degree (Penal Law
§ 160.05). Defendant contends that, because he was purportedly forced to move for a mistrial after his first trial due to prosecutorial misconduct, his second trial was barred by the double jeopardy clauses of either the Federal (US Const 5th Amend) or State Constitution (NY Const, art I, § 6). We reject that contention. "Where the defendant either requests a mistrial or consents to its declaration, the double jeopardy clauses do not ordinarily bar a second trial" (People v Reardon, 126 AD2d 974, 974 [4th Dept 1987]). However, "an exception exists where 'the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial' " (People v Wirth, 224 AD2d 1002, 1003 [4th Dept 1996], quoting Oregon v Kennedy, 456 US 667, 679 [1982]). Here, as noted, defendant moved for a mistrial, and the record does not support "defendant's claim that the mistrial motion was necessitated by a deliberate intent on the part of the prosecution to provoke a mistrial" (Reardon, 126 AD2d at 974).
Contrary to the further contention of defendant, we conclude that the evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that he intended "to permanently deprive the victim of property by compelling the victim to give up property or quashing any resistance to that act" (People v Miller, 87 NY2d 211, 217 [1995]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The testimony adduced at trial established that, after defendant suggested to his girlfriend that they rob and kill the victim, a police officer, defendant pushed the victim to the ground, restrained her, and took her service weapon (see generally People v Dawson, 188 AD2d 1051, 1051 [4th Dept 1992], lv denied 81 NY2d 838 [1993]). Furthermore, defendant was apprehended three hours after the incident, and he was still in possession of the gun (see generally Miller, 87 NY2d at 217). We also reject defendant's contention that his intoxication negated the requisite element of intent (see People v Felice, 45 AD3d 1442, 1443 [4th Dept 2007], lv denied 10 NY3d 764 [2008]; see also People v Reibel, 181 AD3d 1268, 1270 [4th Dept 2020], lv denied 35 NY3d 1029 [2020], reconsideration denied 35 NY3d 1096 [2020]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant's sentence is not unduly harsh or severe. We have reviewed defendant's [*2]remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court