People v Harrison (2021 NY Slip Op 07445)





People v Harrison


2021 NY Slip Op 07445


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1076 KA 20-01184

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SID HARRISON, DEFENDANT-APPELLANT. 






DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN, NEW YORK PROSECUTORS TRAINING INSTITUTE, INC., ALBANY (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered September 10, 2020. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]), and two counts of criminally using drug paraphernalia in the second degree
(§ 220.50 [1], [3]). Contrary to defendant's contention, County Court properly admitted evidence of his prior uncharged drug sale inasmuch as it was relevant to establish his intent to sell in connection with the crimes charged and its probative value outweighed its prejudicial effect (see People v Kims, 24 NY3d 422, 439 [2014]; People v Credell, 161 AD3d 1563, 1564 [4th Dept 2018], lv denied 32 NY3d 1003 [2018], reconsideration denied 32 NY3d 1110 [2018]; People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]).
We agree with defendant, however, that the court erred in denying his challenge for cause to a prospective juror whose statements during voir dire cast doubt on his ability to be impartial. "[P]rospective jurors who make statements that cast serious doubt on their ability to render an impartial verdict, and who have given less-than-unequivocal assurances of impartiality, must be excused" (People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015] [internal quotation marks omitted]; see People v Warrington, 28 NY3d 1116, 1119-1120 [2016]; People v Clark, 171 AD3d 1530, 1530 [4th Dept 2019]). Here, the statement of the prospective juror during voir dire with respect to the credibility of the testimony of police officers or bias in favor of the police cast serious doubt on his ability to render an impartial verdict, and the prospective juror failed to provide "unequivocal assurance that [he could] set aside any bias and render an impartial verdict based on the evidence" (Mitchum, 130 AD3d at 1467 [internal quotation marks omitted]; see People v Nicholas, 286 AD2d 861, 861-862 [4th Dept 2001], affd 98 NY2d 749 [2002]; People v Lewis, 71 AD3d 1582, 1583 [4th Dept 2010]). Specifically, after the prospective juror stated that he was a former correction officer and had "a lot of friends and family members" in law enforcement, he agreed that he would "be inclined to give more credibility to an officer than [he] would a lay person," explained that, based on his experiences, he found police to be "honest people," and specifically described one of the officers who would later testify for the People as "an honest person." Although the court inquired further of the prospective juror, we conclude that the prospective juror's answers to the questions asked by the court were "insufficient to constitute . . . an unequivocal declaration" that he could set aside any bias and render an impartial [*2]verdict (Mitchum, 130 AD3d at 1467 [internal quotation marks omitted]). Because defendant exercised a peremptory challenge to excuse that prospective juror and thereafter exhausted his peremptory challenges, we must reverse the judgment and grant defendant a new trial (see CPL 270.20 [2]; People v Cobb, 185 AD3d 1432, 1433 [4th Dept 2020]). In light of our determination, we do not address defendant's remaining contentions.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court