People v Dubois (2022 NY Slip Op 01703)





People v Dubois


2022 NY Slip Op 01703


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1082 KA 19-01904

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES DUBOIS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (J. SCOTT PORTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered July 26, 2019. The judgment convicted defendant upon a jury verdict of arson in the first degree and murder in the first degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is modified on the law by vacating the sentence imposed on count nine of the indictment and imposing an indeterminate sentence of imprisonment of 25 years to life on that count, to run concurrently with the sentences imposed on counts one through four, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of arson in the first degree (Penal Law
§ 150.20) and four counts of murder in the first degree (§ 125.27 [1] [a] [vii]; [b]) related to an incendiary house fire, which resulted in the death of four members of his family. Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We also reject defendant's contention that County Court erred in refusing to suppress statements that he made while being transported from the scene of the fire to the police station and statements that he made after he allegedly invoked his right to remain silent while being interviewed at the station. Initially, we agree with defendant that he preserved for our review his contention that the statements he made while being transported were the product of an unlawful detention. Although defendant did not raise that issue in his omnibus motion, "[a] question of law with respect to a ruling of a suppression court is preserved for appeal when 'a protest thereto was registered, by the party claiming error, at the time of such ruling . . . or at any subsequent time when the court had an opportunity of effectively changing the same . . . , or if in response to a protest by a party, the court expressly decided the question raised on appeal' " (People v Murray, 194 AD3d 1360, 1362 [4th Dept 2021], quoting CPL 470.05 [2]). Here, defendant specifically raised the issue of unlawful detention in a posthearing submission (cf. id.), which is a time when the court still had an opportunity of changing its ruling. Moreover, the court expressly decided that issue in its decision and order (see People v Curry, 192 AD3d 1649, 1650 [4th Dept 2021], lv denied 37 NY3d 955 [2021]).
With respect to the merits, the officer testified at the Huntley hearing that she "asked [defendant] to step into [her] vehicle" to be transported to the station to be interviewed. At that time, defendant was one of the only survivors of a house fire at his residence. Although defendant, who was not known to the officer to be a suspect, was not handcuffed, he was pat frisked pursuant to standard protocol. A reasonable person, innocent of any crime, would not have considered himself or herself in custody under those circumstances (see People v Box, 181 AD3d 1238, 1239 [4th Dept 2020], lv denied 35 NY3d 1025 [2020], cert denied — US &mdash, 141 S [*2]Ct 1099 [2021]; see generally People v Yukl, 25 NY2d 585, 589 [1969], rearg denied 26 NY2d 845, 883 [1970], cert denied 400 US 851 [1970]).
Even assuming, arguendo, that defendant was in custody while he was being transported, we conclude that the court correctly determined that the officer's single question about whether defendant was home when the fire engulfed his home was not interrogation but, rather, a question to clarify a situation after defendant spontaneously mentioned that he had been elsewhere at the time of the fire (see People v Naradzay, 11 NY3d 460, 468 [2008], rearg dismissed 17 NY3d 840 [2011]; People v Hymes, 132 AD3d 1411, 1411 [4th Dept 2015], lv denied 26 NY3d 1146 [2016]).
We further conclude that the court did not err in refusing to suppress the statements defendant made at the station inasmuch as the court properly concluded that defendant did not unequivocally invoke his right to remain silent when he told officers in the interview room that he was "done" after he refused to say the words he believed that they wanted to hear (see People v Lowin, 36 AD3d 1153, 1155 [3d Dept 2007], lv denied 9 NY3d 847 [2007], reconsideration denied 9 NY3d 878 [2007]; cf. People v Williams, 184 AD3d 1010, 1013 [3d Dept 2020], lv denied 35 NY3d 1097 [2020]; People v Johnson, 150 AD3d 1390, 1396 [3d Dept 2017], lv denied 29 NY3d 1128 [2017]) or when he told them that he "just want[ed] to go to sleep" (see People v Perry, 194 AD3d 849, 850 [2d Dept 2021], lv denied 37 NY3d 1098 [2021]). Whether a defendant's statement constitutes an unequivocal assertion of the right to remain silent " 'is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant' " (People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013], quoting People v Glover, 87 NY2d 838, 839 [1995]). The court's determination that defendant did not unequivocally invoke his right to remain silent when he made those two statements "is 'granted deference and will not be disturbed unless unsupported by the record' " (id.).
Contrary to defendant's contention, the court properly permitted the People to introduce Molineux evidence that a witness had seen defendant making " 'cocktail bombs' " several months before the fire. Defendant's initial challenge, i.e., that the prior bad act was too remote in time, is not preserved for our review inasmuch as defendant "did not object to the evidence on that ground" (People v Finch, 180 AD3d 1362, 1363 [4th Dept 2020], lv denied 35 NY3d 993 [2020]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We further conclude that the evidence was properly admitted inasmuch as it was relevant to the issues of intent and identity "in view of defendant's theory at trial that the fire was the result of an accident and was not intentionally started" (People v Brown, 57 AD3d 1461, 1463 [4th Dept 2008], lv denied 12 NY3d 814 [2009], reconsideration denied 12 NY3d 923 [2009]; see generally People v Alvino, 71 NY2d 233, 241-242 [1987]) and the probative value of that evidence was not outweighed by its prejudicial effect (cf. People v Vincek, 75 AD2d 412, 414-416 [4th Dept 1980]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment. We do, however, conclude that the judgment must be modified inasmuch as the sentence imposed on count nine, for arson in the first degree (Penal Law § 150.20), is illegal. On that class A-I felony, defendant was sentenced to a determinate term of imprisonment of 25 years, with 5 years of postrelease supervision. Pursuant to Penal Law § 70.00 (1), (2) (a), and (3) (a) (i), defendant should have been sentenced to an indeterminate sentence of imprisonment with a minimum term between 15 years and 25 years and a maximum term of life. In the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence (see People v Thacker, 156 AD3d 1482, 1483-1484 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). In view of the concurrent sentences of life without the possibility of parole imposed on the four murder counts, we modify the judgment by vacating the sentence imposed on count nine of the indictment and imposing an indeterminate term of imprisonment of 25 years to life to run concurrently with the sentences imposed on the murder counts (see Thacker, 156 AD3d at 1484; see generally People v Minaya, 54 NY2d 360, 364-365 [1981], cert denied 455 US 1024 [1982]).
All concur except Carni, J., who is not participating.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court