People v Parilla (2023 NY Slip Op 01446)

People v Parilla

2023 NY Slip Op 01446

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, BANNISTER, AND MONTOUR, JJ.

1003 KA 19-00979

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIGUEL PARILLA, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JERRY MARTI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered November 5, 2018. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the fourth degree and criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a nonjury verdict, of two counts of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and one count each of criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [1]). We affirm.
Defendant contends that, because the mistrial declared over his objection during his first bench trial was necessitated by a deliberate intent on the part of the People to provoke a mistrial, his second trial was barred by the double jeopardy clauses of the federal and state constitutions. We reject that contention. "Where a court grants a mistrial over the objection of a defendant or without obtaining the defendant's consent, the double jeopardy provisions of both our State Constitution (NY Const, art I, § 6) and Federal Constitution (US Const 5th Amend) prohibit retrial for the same crime unless there was a 'manifest necessity' for the mistrial or 'the ends of public justice would otherwise be defeated' " (People v Magee, 254 AD2d 825, 826 [4th Dept 1998], lv denied 92 NY2d 1035 [1998], quoting United States v Perez, 22 US 579, 580 [1824]; see People v Ferguson, 67 NY2d 383, 387-388 [1986]).
Here, during the first bench trial, before a County Court Judge, the People promptly disclosed to the Judge that their final witness—a longtime girlfriend of defendant—had disclosed after taking the stand and becoming aware that the Judge was presiding that defendant had previously suggested to her that he had personal knowledge of the Judge having engaged in certain serious improprieties off the bench. Following discussions that took place over the course of multiple days during which the Judge vehemently denied the allegation, the Judge ultimately declared a mistrial pursuant to CPL 280.10 (3) on his own motion because the Judge, as the trier of fact, had been placed in the untenable position of having to assess the credibility of a witness who had made a spurious allegation against him. We conclude that the mistrial was justified by manifest necessity in these circumstances because the Judge—upon a " 'scrupulous exercise of judicial discretion' . . . after consideration of the 'vital competing interests' of the prosecution and the accused"—had a "basis of demonstrable substance" for declaring a mistrial given that "the appearance of impropriety may sometimes[, as here,] be as devastating as the reality" (Matter of Ferlito v Judges of County Ct., Suffolk County, 31 NY2d 416, 419-420 [1972]). Indeed, contrary to defendant's contention, the record establishes that the Judge fulfilled [*2]his "duty to consider alternatives to a mistrial and to obtain enough information so that it [was] clear that a mistrial [was] actually necessary" (Ferguson, 67 NY2d at 388; cf. Matter of McNair v McNamara, 206 AD3d 1689, 1691-1692 [4th Dept 2022]). Moreover, the record does not support defendant's "claim that the mistrial . . . was necessitated by a deliberate intent on the part of the prosecution to provoke a mistrial" (People v Reardon, 126 AD2d 974, 974 [4th Dept 1987]; see People v Haffa, 197 AD3d 964, 965 [4th Dept 2021], lv denied 37 NY3d 1059 [2021]; People v Maldonado, 122 AD3d 1379, 1380 [4th Dept 2014], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). We therefore conclude that Supreme Court properly determined that the second trial was not barred by double jeopardy. To the extent that defendant raises an additional double jeopardy challenge, we conclude that it does not warrant reversal or modification of the judgment.
We reject defendant's contention that the court erred in its rulings during witness testimony that, pursuant to People v Molineux (168 NY 264 [1901]), the People were permitted to introduce evidence of defendant's prior drug sales. The testimony concerning defendant's prior drug sales was admissible with respect to the issue of his intent to sell drugs (see People v Kims, 24 NY3d 422, 439 [2014]; People v Harrison, 200 AD3d 1731, 1731 [4th Dept 2021]), as well as " 'to complete the narrative of events leading up to the crime[s] for which defendant [was] on trial' " (People v Ray, 63 AD3d 1705, 1706 [4th Dept 2009], lv denied 13 NY3d 838 [2009]; see People v Whitfield, 115 AD3d 1181, 1182 [2014], lv denied 23 NY3d 1044 [2014]), and we conclude that the probative value of such evidence outweighed the danger of prejudice (see People v Alvino, 71 NY2d 233, 242 [1987]; Whitfield, 115 AD3d at 1182). Further, even assuming, arguendo, that the court "erred in admitting [the] evidence of prior [drug sales] without a prior ruling that [such] evidence was admissible," we conclude that any such error is harmless (People v Smith [appeal No. 1], 266 AD2d 889, 889 [4th Dept 1999], lv denied 94 NY2d 907 [2000]; see People v Hogue, 133 AD3d 1209, 1211 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]).
Defendant's challenge to the legal sufficiency of the evidence is preserved only in part because, in moving for a trial order of dismissal, defendant raised only some of the specific grounds raised on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Dibble, 176 AD3d 1584, 1586 [4th Dept 2019], lv denied 34 NY3d 1077 [2019]). In any event, contrary to defendant's contention, there is a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude, beyond a reasonable doubt (People v Delamota, 18 NY3d 107, 113 [2011]), that defendant committed the crimes of which he was convicted. Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's further contention, we conclude that defense counsel was not ineffective for failing to move to suppress the drugs located in a bedroom of a house at which defendant resided because "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005]; see People v Carver, 27 NY3d 418, 421 [2016]).
We reject defendant's contention that the sentence is unduly harsh and severe. We note, however, that the certificate of conviction and uniform sentence and commitment form should be amended to reflect that defendant was sentenced as a second felony drug offender (see People v Barksdale, 191 AD3d 1370, 1373 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court