People v Mabry (2023 NY Slip Op 01370)

People v Mabry

2023 NY Slip Op 01370

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

7 KA 19-01414

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AKIL B. MABRY, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 9, 2019. The judgment convicted defendant upon a nonjury verdict of assault in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, tampering with physical evidence and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three of the indictment and imposing an indeterminate sentence of imprisonment of 3½ to 7 years on that count, to run concurrently with the sentences imposed on the remaining counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [2]), criminal possession of a weapon in the second degree (§ 265.03 [3]), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant's conviction stems from two separate incidents. In the first incident, defendant struck the victim with a barstool after they had a verbal argument. In the second incident, the victim spotted defendant approximately six weeks later while she was walking down the street and contacted the police, who apprehended him and eventually recovered a semiautomatic pistol in his possession.
Defendant contends that he is entitled to modification of the judgment of conviction and dismissal of the second count of the indictment charging him with criminal possession of a weapon in the second degree because "criminal convictions under Penal Law § 265.03 (3) are necessarily unconstitutional" under the Second Amendment of the United States Constitution as interpreted by the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Defendant correctly concedes that his constitutional challenge is not preserved for our review inasmuch as he failed to raise any such challenge before the trial court, and we reject defendant's claims that his constitutional challenge to his conviction under section 265.03 (3) is exempt from preservation (see People v McWilliams, — AD3d &mdash, — [Mar. 17, 2023] [4th Dept 2023]).
Defendant next contends that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the second degree because there is insufficient evidence that the pistol he possessed was operable at the time he possessed it. That contention is not preserved for our review inasmuch as defendant did not renew his motion for a trial order of dismissal after presenting evidence (see People v Brown, 194 AD3d 1398, 1399 [4th Dept 2021], lv denied 37 NY3d 970 [2021]).
In any event, defendant's contention is without merit. It is well settled that, "to establish criminal possession of a handgun[,] the People must prove that the weapon [possessed] is [*2]operable" (People v Longshore, 86 NY2d 851, 852 [1995]; see People v Redmond, 182 AD3d 1020, 1022 [4th Dept 2020], lv denied 35 NY3d 1048 [2020]; People v Bailey, 19 AD3d 431, 432 [2d Dept 2005], lv denied 5 NY3d 785 [2005]). Here, when the police apprehended defendant after the victim's identification of him, he was brought to the police station and placed in an interview room. While in that room, defendant removed a pistol from his pants and disassembled it. The police observed defendant's actions through the live camera feed, entered the room, and seized the weapon, which was in two pieces. A few days later, a firearms examiner determined that the pistol was missing a disassembly pin and, without that pin, the pistol was inoperable. The police searched the interview room and located a pin on the floor. The firearms examiner inserted that pin into the reassembled pistol and was able to fire rounds from it. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that the pistol was operable at the time defendant possessed it, even though it was rendered temporarily inoperable after defendant disassembled it (see People v Habeeb, 177 AD3d 1271, 1273 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]).
Defendant contends that Supreme Court erred in denying his request for a missing witness charge with respect to a purported witness to the assault of the victim. We reject that contention. The court properly denied the request because defendant failed to establish that the witness was " 'believed to be knowledgeable about a material issue pending in the case' " (People v Smith, 33 NY3d 454, 458-459 [2019]; see People v Goldson, 196 AD3d 599, 600 [2d Dept 2021], lv denied 37 NY3d 1161 [2022]; People v Desius, 188 AD3d 1626, 1629 [4th Dept 2020], lv denied 36 NY3d 1096 [2021]). In any event, we conclude that any alleged error in the court's refusal to give a missing witness charge is harmless inasmuch as the evidence of defendant's guilt of the assault is overwhelming and there is no significant probability that defendant would have been acquitted of that count but for the error (see People v Cehfus, 140 AD3d 1644, 1644-1645 [4th Dept 2016], lv denied 28 NY3d 969 [2016], lv denied 30 NY3d 1059 [2017]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's contention, the sentence imposed on the count of criminal possession of a weapon in the second degree is not unduly harsh or severe. However, the determinate sentence and period of postrelease supervision imposed by the court on the criminal possession of a weapon in the third degree count (Penal Law § 265.02 [1]) is illegal inasmuch as that conviction is a nonviolent class D felony (see §§ 70.06 [3] [d]; [4] [b]; 70.45 [1]; People v McCoy, 100 AD3d 1422, 1423 [4th Dept 2012]). Defendant should have been sentenced as a second felony offender to an indeterminate sentence of imprisonment with a maximum term between 4 to 7 years and a minimum term of one-half the maximum, with no postrelease supervision (Penal Law §§ 70.06 [2], [3] [d]; [4] [b]; 70.45 [1]). " 'Although this issue was not raised before the [sentencing] court or on appeal, we cannot allow an [illegal] sentence to stand' " (People v Davis, 37 AD3d 1179, 1180 [4th Dept 2007], lv denied 8 NY3d 983 [2007]). In the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence (see People v Thacker, 156 AD3d 1482, 1483-1484 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). We therefore modify the judgment by vacating the sentence imposed on count three of the indictment and imposing an indeterminate sentence of imprisonment of 3½ to 7 years with no postrelease supervision, to run concurrently with the remaining counts (see id.; see also People v Dubois, 203 AD3d 1621, 1624 [4th Dept 2022], lv denied 38 NY3d 1032 [2022]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court