People v Park (2024 NY Slip Op 05717)

People v Park

2024 NY Slip Op 05717

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

757 KA 20-00697

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DENNIS PARK, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BRAEDAN M. GILLMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (ALEXANDER R. SCHERER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (David W. Foley, J.), rendered March 9, 2020. The judgment convicted defendant upon his plea of guilty of rape in the first degree and criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Chautauqua County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of rape in the first degree (Penal Law former § 130.35 [1]) and criminal sexual act in the first degree (former § 130.50 [1]), arising from two incidents involving separate victims.
Defendant contends that he was forced during his first trial to move for a mistrial due to prosecutorial misconduct and that any subsequent prosecution was thus barred by the double jeopardy clauses of the Federal (US Const 5th Amend) and State (NY Const, art I, § 6) Constitutions. We reject that contention. "Where the defendant either requests a mistrial or consents to its declaration, the double jeopardy clauses do not ordinarily bar a second trial" (People v Haffa, 197 AD3d 964, 965 [4th Dept 2021], lv denied 37 NY3d 1059 [2021] [internal quotation marks omitted]; see People v Reardon, 126 AD2d 974, 974 [4th Dept 1987]). "However, an exception exists where the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial" (Haffa, 197 AD3d at 965 [internal quotation marks omitted]; see Oregon v Kennedy, 456 US 667, 679 [1982]). Here, the record does not support defendant's claim that the mistrial motion was "necessitated by a deliberate intent on the part of the prosecution to provoke a mistrial" (Haffa, 197 AD3d at 965 [internal quotation marks omitted]; see Reardon, 126 AD2d at 974).
Defendant contends that he was denied his constitutional right to a speedy trial. Although defendant's contention survives his plea of guilty (see People v Romeo, 47 AD3d 954, 957 [2d Dept 2008], affd 12 NY3d 51 [2009], cert denied 558 US 817 [2009]), it is not preserved for our review inasmuch as defendant failed to move to dismiss the indictment on that ground (see People v Works, 211 AD3d 1574, 1575 [4th Dept 2022], lv denied 39 NY3d 1114 [2023]; People v Chinn, 104 AD3d 1167, 1169 [4th Dept 2013], lv denied 21 NY3d 1014 [2013]). We decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
By pleading guilty, defendant forfeited his contention that County Court erred in denying his severance motion (see People v McMillan, 227 AD3d 1413, 1413 [4th Dept 2024]; People v Hunter, 49 AD3d 1243, 1243 [4th Dept 2008]).
Defendant failed to preserve for our review his contention that his plea was invalid because the sentence promise was premised on an illegal minimum term of incarceration (see [*2]Penal Law § 70.04 [3] [a]; People v Williams, 27 NY3d 212, 222-223 [2016]). Although defendant did not challenge the legality of his sentence before the sentencing court, we cannot allow an illegal sentence to stand (see People v Considine, 167 AD3d 1554, 1555 [4th Dept 2018]; People v Southard, 163 AD3d 1461, 1461 [4th Dept 2018]; People v Sellers, 222 AD2d 941, 941 [3d Dept 1995]). We therefore modify the judgment by vacating the sentence and we remit the matter to County Court to afford defendant the opportunity to either withdraw his plea or be resentenced to the legal term of incarceration on both counts (see Sellers, 222 AD2d at 941; see generally People v Ciccarelli, 32 AD3d 1175, 1176 [4th Dept 2006]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court