People v Faes (2025 NY Slip Op 05593)

People v Faes

2025 NY Slip Op 05593

Decided on October 10, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, SMITH, NOWAK, AND DELCONTE, JJ.

708 KA 25-00094

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS D. FAES, DEFENDANT-APPELLANT. 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (ELISABETH A. DANNAN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Armen J. Nazarian, A.J.), rendered December 21, 2023. The judgment convicted defendant upon a jury verdict of arson in the second degree and criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of arson in the second degree (Penal Law § 150.15) and criminal contempt in the first degree (§ 215.51 [c]). The conviction stems from an incident in which defendant set his ex-girlfriend's house on fire after spending the night there in violation of a no-contact order of protection.
We reject defendant's contention that County Court's Molineux ruling was an abuse of discretion. It is well settled that evidence of uncharged crimes may be admissible if it is relevant to demonstrate motive, intent, absence of mistake or accident, a common scheme or plan, or the identity of the defendant (see People v Alvino, 71 NY2d 233, 241-242 [1987]; People v Ventimiglia, 52 NY2d 350, 359 [1981]; People v Molineux, 168 NY 264, 293-294 [1901]). The testimony regarding defendant's prior acts of domestic violence toward his ex-girlfriend was properly admitted in evidence "to provide background information concerning the context and history of defendant's relationship with" her (People v Wertman, 114 AD3d 1279, 1280 [4th Dept 2014], lv denied 23 NY3d 969 [2014] [internal quotation marks omitted]; see People v Cung, 112 AD3d 1307, 1310 [4th Dept 2013], lv denied 23 NY3d 961 [2014]). The testimony that defendant had previously set fire to his ex-girlfriend's dwelling when he was angry with her "was admissible to establish intent and the absence of mistake or accident" (People v Brown, 57 AD3d 1461, 1463 [4th Dept 2008], lv denied 12 NY3d 814 [2009], reconsideration denied 12 NY3d 923 [2009]; see People v Ingram, 71 NY2d 474, 479 [1988]; see also People v DuBois, 203 AD3d 1621, 1624 [4th Dept 2022], lv denied 38 NY3d 1032 [2022]). Although " 'a contrary determination could have been made' " regarding the admissibility of the evidence, we conclude that the determination here did not " 'constitute an abuse of discretion as a matter of law' " (People v Weinstein, 42 NY3d 439, 458 [2024], quoting People v Morris, 21 NY3d 588, 597 [2013]) and that the court properly concluded that the probative value of the evidence outweighed its prejudicial effect (see People v Parilla, 214 AD3d 1399, 1401-1402 [4th Dept 2023], lv denied 40 NY3d 936 [2023]; see generally Alvino, 71 NY2d at 242).
We also reject defendant's contention that he received ineffective assistance of counsel. Although defense counsel erred in consenting to the court's sequence for exercising peremptory challenges, which was a violation of CPL 270.15 (2), we nevertheless conclude that the error, on its own, was not "sufficiently egregious and prejudicial as to compromise . . . defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; cf. People v Stewart, 231 AD3d 1480, 1482-1483 [4th Dept 2024], lv denied 42 NY3d 1054 [2024]). With respect to several other alleged errors by defense counsel, defendant failed " 'to demonstrate the absence of strategic or [*2]other legitimate explanations' for [defense] counsel's alleged shortcomings" (People v Benevento, 91 NY2d 708, 712 [1998], quoting People v Rivera, 71 NY2d 705, 709 [1988]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of count one of the indictment as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although defendant contends that the testimony of a certain witness lacked credibility, we note that " '[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury' " (People v Delacruz, 193 AD3d 1340, 1341 [4th Dept 2021], lv denied 38 NY3d 926 [2022]), and we see no reason to disturb the jury's resolution of those issues.
Finally, defendant's sentence is not unduly harsh or severe.
Entered: October 10, 2025
Ann Dillon Flynn
Clerk of the Court