People v McDowell (2023 NY Slip Op 01606)

People v Mcdowell

2023 NY Slip Op 01606

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

97 KA 22-00438

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADRIAN MCDOWELL, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ROBERT W. WARD, OF THE MASSACHUSETTS BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT.
ADRIAN MCDOWELL, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 12, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) arising from a traffic stop that resulted in a search of defendant's vehicle and discovery of, inter alia, a loaded handgun behind the glove box. We reject defendant's contention in his main and pro se supplemental briefs that County Court erred by refusing to suppress the physical evidence recovered from his vehicle. The initial traffic stop of defendant's vehicle was justified by the officer's observation of an expired vehicle registration, as printed on the temporary license plate (see People v Bethea, 191 AD3d 1487, 1487 [4th Dept 2021], lv denied 36 NY3d 1118 [2021]). During the course of the police encounter, the officer observed in plain view what he identified as, and what defendant admitted to be, a bag of marihuana. That observation provided the officer and his partner with probable cause to search the vehicle (see generally People v Babadzhanov, 204 AD3d 685, 686 [2d Dept 2022], lv denied 38 NY3d 1069 [2022], reconsideration denied 39 NY3d 939 [2022]; People v Cuffie, 109 AD3d 1200, 1201 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]; People v Harrington, 30 AD3d 1084, 1084-1085 [4th Dept 2006], lv denied 7 NY3d 848 [2006]). That probable cause " 'justifie[d] the search of every part of the vehicle and its contents that may conceal the object of the search,' " (People v Ellis, 62 NY2d 393, 398 [1984], quoting United States v Ross, 456 US 798, 825 [1982]). To the extent that defendant also challenges, in his main and pro se supplemental briefs, the court's decision to credit the officer's testimony at the hearing, "[t]he evaluation of credibility by the hearing court is entitled to great weight and its determination will not be disturbed where, as here, it is supported by the record" (People v Goins, 191 AD3d 1399, 1400 [4th Dept 2021], lv denied 36 NY3d 1120 [2021] [internal quotation marks omitted]). Defendant's contention in his main and pro se supplemental briefs that the search of his vehicle was unlawfully destructive is belied by the record, and the court likewise properly credited the officer's testimony regarding the nature of the search (see generally id.). Defendant's remaining contention regarding the legality of the search of his vehicle is not preserved for our review (see People v Hudson, 158 AD3d 1087, 1087 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]).
Defendant further contends in his main brief that Penal Law
§ 265.03 is unconstitutional in light of the United States Supreme Court's decision in New York [*2]State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Inasmuch as defendant failed to raise a constitutional challenge before the court, any such challenge is not preserved for our review (see People v Reese, 206 AD3d 1461, 1462 [3d Dept 2022]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]).
As defendant contends in his main brief and the People correctly concede, the sentence promised to defendant as part of his guilty plea and imposed upon him at sentencing, i.e., 8 years to life imprisonment, is illegal because it fell below the statutory minimum (see Penal Law §§ 70.08 [3] [b]; 265.03). Contrary to defendant's contention, however, the remedy at this stage is not to vacate his guilty plea, but to remit the matter to County Court (see People v Paige, 137 AD3d 1659, 1660 [4th Dept 2016]). On remittal, the court will have the discretion to either, if possible, " 'resentence defendant in a manner that ensures that he receives the benefit of his sentencing bargain or permit both parties the opportunity to withdraw from the agreement' " (People v Collier, 22 NY3d 429, 432 [2013]; see Paige, 137 AD3d at 1660).
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court