People v Manners (2023 NY Slip Op 03017)

People v Manners

2023 NY Slip Op 03017

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2018-01070
 (Ind. No. 16/16)

[*1]The People of the State of New York, respondent,
v
Benjamin Manners, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joanne D. Quinones, J.), rendered October 19, 2017, convicting him of robbery in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
The defendant was convicted of robbery in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, as a result of an incident in which he and another individual entered a barbershop and robbed three complainants while displaying what appeared to be firearms.
The defendant contends that the Supreme Court erred in denying that branch of his omnibus motion which was to suppress identification evidence. Contrary to the People's assertion, this argument is not precluded by the defendant's purported waiver of his right to appeal since that waiver was invalid. The court did not explain during the plea colloquy that certain appellate rights would survive the waiver of appeal (see People v Winter, 215 AD3d 1010; People v Mee, 214 AD3d 1349). The written waiver signed by the defendant states that, "I understand that my sentence and conviction will be final." The totality of the circumstances presented here fails to confirm that the defendant understood that some appellate review would survive the waiver (see People v Winter, 215 AD3d 1010; People v McNeil, 210 AD3d 1200, 1201). However, the defendant's challenge to this suppression determination is unpreserved for appellate review, because he failed at the suppression hearing to raise the specific grounds upon which he now challenges the identification procedures (see People v Warren, 50 AD3d 706, 707; People v Bossett, 45 AD3d 693, 694). In any event, this contention is without merit.
The defendant's claim of error in the grand jury proceedings under CPL 190.75(3) is jurisdictional and need not be preserved for appellate review (see People v McCoy, 109 AD3d 708, 710; People v Dinkins, 104 AD3d 413). However, the defendant's contentions regarding the grand jury proceedings are without merit. In People v Wilkins (68 NY2d 269), the Court of Appeals held [*2]that CPL 190.75 barred resubmission of a case where the prosecutor had presented the case to the grand jury, but withdrew it prior to the grand jury's vote on the charges. Wilkins applies in only limited circumstances where the People's withdrawal of a case from the grand jury is fundamentally inconsistent with the objectives underlying CPL 190.75. Such objectives include curtailing prosecutorial excess in resubmitting charges repeatedly until a grand jury votes an indictment, and maintaining the independence of the grand jury (see People v Davis, 17 NY3d 633, 637-638).
In People v Montanez (90 NY2d 690, 694), the Court of Appeals found that concerns of undermining the independence of the grand jury and running afoul of the policy of curbing potential prosecutorial excess embodied by CPL 190.75(3) are not present when the grand jury votes to dismiss a charge and then sua sponte decides to reconsider the matter before filing. A grand jury may reconsider a dismissal which has not been filed, so long as the decision to reconsider is truly sua sponte. A truly sua sponte reconsideration violates neither the letter nor the spirit of CPL 190.75. A self-initiated reconsideration by the grand jury does not undermine the policies underlying CPL 190.75(3). Since the reconsideration is not prompted by the prosecutor, there is no possibility of prosecutorial overreaching, and the integrity and independence of the grand jury is not impugned (see People v Montanez, 90 NY2d at 694).
Here, the grand jury's reconsideration of its vote to dismiss count 1 of the indictment was truly sua sponte. The grand jury's action was clearly self-initiated and not prompted by the prosecution. A review of the grand jury minutes shows that the prosecutors did not unilaterally intervene in the proceedings in any manner which caused or contributed to the grand jury's decision to reconsider its action (see id. at 695).
Because the grand jury's self-initiated reconsideration did not undermine the policies of CPL 190.75, the authorization of the Supreme Court pursuant to CPL 190.75(3) was not required before submitting the remaining charges to the grand jury. Moreover, although the minutes do not reflect how many grand jurors raised their hands to indicate they wished to revote on count 1, it was not necessary for 12 grand jurors to concur in order to hold a revote. A decision to reconsider a vote is not an affirmative official action or decision requiring the concurrence of 12 grand jurors pursuant to CPL 190.25(1).
The defendant's contention that Penal Law § 265.03 is unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (___ US ___,142 S Ct 2111), is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v McDowell, 214 AD3d 1437; People v Mabry, 214 AD3d 1300; People v Reese, 206 AD3d 1461). In Bruen, the United States Supreme Court found that, because the State of New York issued public-carry licenses only when an applicant demonstrated a special need for self-defense, the state's licensing regime violated the United States Constitution. The Court found that the proper cause requirement of Penal Law § 400.00(2)(f) violated the Fourteenth Amendment to the United States Constitution in that it prevented law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms (see New York State Rifle & Pistol Assn., Inc. v Bruen, ___ US ___, 142 S Ct at 2156).
The defendant contends that any challenge based upon the Second Amendment to the United States Constitution would have been futile because at the time judgment was rendered, this Court and others had unequivocally held that the New York licensing scheme satisfied the Second Amendment. However, the defendant should not be permitted to avoid the consequences of the lack of preservation, because, although Bruen had not yet been decided, the defendant had the same opportunity to advocate for a change in the law as did the litigant who ultimately succeeded in doing so (see People v Crum, 184 AD3d 454, 455). The Court of Appeals, in People v Reynolds (25 NY2d 489, 495), rejected the argument that the appellant should not be penalized for his failure to anticipate the shape of things to come. The Court of Appeals stated, "Courts are continually reconsidering old precedents and, if no objection or equivalent was required here, objection would never be necessary to raise a question of law where it is urged that some former decisional law be changed. That would not accord with the purposes of the rule requiring an objection, which is to apprise the court and the adversary of the position being taken when the ruling is made" (id. at 495). [*3]The defendant's argument is not exempt from the preservation requirement because Bruen had not been decided when the judgment in the instant case was rendered, and the defendant could have raised the constitutional argument in Supreme Court.
In any event, the defendant's contention is without merit. The ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Williams, 78 Misc 3d 1205[A], 2023 NY Slip Op 50158[U] [Sup Ct, Erie County]).
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court