People v Joyce (2023 NY Slip Op 04215)

People v Joyce

2023 NY Slip Op 04215

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-00353
 (Ind. No. 235/17)

[*1]The People of the State of New York, respondent,
v
Michael A. Joyce, appellant.

Randall D. Unger, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Eric C. Washer, and Michael Tadros of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gene Lopez, J.), rendered November 5, 2020, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who was convicted of criminal possession of a weapon in the second degree (Penal Law § 265.03) and criminal possession of a weapon in the third degree (id. § 265.02), contends that the ruling of the United States Supreme Court in New York State Rifle & Pistol Assoc., Inc. v Bruen (___ US___, 142 S Ct 2111), rendered the entire firearm licensing system of New York State unconstitutional. However, the defendant's contention is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Manners, 217 AD3d 683; People v McDowell, 214 AD3d 1437; People v Mabry, 214 AD3d 1300; People v Reese, 206 AD3d 1461).
In any event, the defendant's contention is without merit. The ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Manners, 217 AD3d 683; People v Williams, 78 Misc 3d 1205[A], 2023 NY Slip Op 50158[U] [Sup Ct, Erie County]).
Contrary to the defendant's contention, the Supreme Court's Sandoval ruling (see [*2]People v Sandoval, 34 NY2d 371, 375) was a provident exercise of discretion, as it constituted an appropriate compromise which properly balanced the probative value of the proffered evidence against any potential prejudice to the defendant (see People v Drach, 210 AD3d 795, 797; People v Benn, 210 AD3d 690, 691).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court