People v Moise (2023 NY Slip Op 05154)

People v Moise

2023 NY Slip Op 05154

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-00149
 (Ind. No. 7657/16)

[*1]The People of the State of New York, respondent,
v
Regenald Moise, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered May 17, 2019, convicting him of criminal possession of a weapon in the second degree, criminally negligent homicide, reckless endangerment in the first degree, reckless endangerment in the second degree (two counts) and operating a motor vehicle while under the influence of alcohol or drugs, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions that the jury verdict finding him guilty of criminally negligent homicide and reckless endangerment in the first degree is repugnant, and that acquittal on the depraved indifference murder count rendered repugnant those convictions, are not preserved for appellate review, as the defendant failed to raise those contentions before the formal discharge of the jury at trial (see People v Alfaro, 66 NY2d 985; People v Williams, 211 AD3d 1055, 1057-1058; People v Alman, 185 AD3d 714, 716).
Further, the defendant's contention regarding the constitutionality of Penal Law § 265.03(3) is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Manners, 217 AD3d 683, 685-686; People v McDowell, 214 AD3d 1437, 1438-1439; People v Mabry, 214 AD3d 1300, 1301).
We decline to review the defendant's unpreserved contentions in the exercise of our interest of justice jurisdiction.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., DUFFY, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court