People v Wilson (2023 NY Slip Op 06760)

People v Wilson

2023 NY Slip Op 06760

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-05171
2022-05756

[*1]The People of the State of New York, respondent,
v
Raquan Wilson, appellant. (Ind. Nos. 3722/19, 1113/19)

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, and Melissa Wachs of counsel; Ashley Lino-Frazier on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Craig S. Walker, J.), both rendered July 7, 2021, convicting him of criminal possession of a firearm under Indictment No. 3722/19, and criminal possession of a firearm under Indictment No. 1113/19, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of mandatory surcharges and fees; as so modified, the judgments are affirmed.
The defendant was charged with criminal possession of a weapon in the second degree (see Penal Law § 265.03[3]) and criminal possession of a firearm (see Penal Law § 265.01-b[1]), among other crimes, in two separate indictments in connection with acts that allegedly occurred on two separate dates. The defendant subsequently entered a plea of guilty to one count, in each indictment, of criminal possession of a firearm.
The defendant's contention that Penal Law §§ 265.01-b and 265.03(3) are unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (_____ U.S._____, 142 S.Ct. 2111), is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, _____ NY3d ____, 2023 NY Slip Op 05968; People v Manners, _____ AD3d _____, 2023 NY Slip Op 03017, at *2 [2d Dept]; People v McDowell, 214 AD3d 1437, 1438-1439; People v Reese, 206 AD3d 1461, 1462). In any event, the defendant's contention is without merit (see People v Manners, _____ AD3d _____, 2023 NY Slip Op 03017, at *2).
However, as consented to by the People, we modify the judgments by vacating the mandatory surcharges and fees imposed upon the defendant at sentencing (see CPL 420.35[2-a][c]; People v King, 212 AD3d 844, 844-845; People v Danso, 208 AD3d 1363, 1364; People v Reeves, 203 AD3d 1181).
The defendant's remaining contentions either are without merit or need not be reached [*2]in light of our determination.
BRATHWAITE NELSON, J.P., MALTESE, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court