People v Johnson (2024 NY Slip Op 01198)

People v Johnson

2024 NY Slip Op 01198

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2020-02270
 (Ind. No. 1018/18)

[*1]The People of the State of New York, respondent,
v
Richard Johnson, appellant.

Gary E. Eisenberg, New City, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Jill Oziemblewski and Raffaelina Gianfrancesco of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (David S. Zuckerman, J.), rendered January 15, 2020, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant, who was convicted of criminal possession of a weapon in the second degree (Penal Law § 265.03) and two counts of criminal possession of a weapon in the third degree (id. § 265.02), contends that the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) rendered his convictions of those offenses unconstitutional. However, the defendant's contention is unpreserved for appellate review, as he failed to raise a constitutional challenge before the County Court (see People v Cabrera, ___ NY3d ___, 2023 NY Slip Op 05968; People v Joyce, 219 AD3d 627; People v Manners, 217 AD3d 683), and we decline to reach it in the exercise of our interest of justice jurisdiction.
The defendant's contention that his convictions were not based upon legally sufficient evidence is not preserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Boyd, 153 AD3d 1608; People v Ridore, 273 AD2d 154). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The fact that the defendant's status as a second felony offender was based upon his conviction of a felony, which was later reclassified as a misdemeanor (see People v Hall, 202 AD3d 1485; People v Ramos, 202 AD3d 410; compare former Penal Law § 221.25, with Penal Law § 222.30), did not affect his status as a second felony offender (see People v Butler, 92 AD2d 1071; [*2]People v McMillon, 80 AD2d 966; People v Klein, 280 App Div 897, affd 305 NY 766). Further, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court