People v Outten (2024 NY Slip Op 06362)

People v Outten

2024 NY Slip Op 06362

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2022-08499
 (Ind. No. 71016/21)

[*1]The People of the State of New York, respondent,
v
Carl Outten, appellant.

Patricia Pazner, New York, NY (Maisha Kamal of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Dallas S. Droz on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni Cimino, J.), rendered September 12, 2022, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's challenge to the constitutionality of the counts of the indictment charging him with criminally possessing a firearm, in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), is unpreserved for appellate review since he did not raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 41-51; People v Sargeant, 230 AD3d 1341, 1354-1355; People v Chase, 223 AD3d 913, 913). In any event, the Bruen decision "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d 683, 686; see People v Sargeant, 230 AD3d at 1355; People v Chase, 223 AD3d at 913).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Accordingly, we affirm the judgment.
DILLON, J.P., WARHIT, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court