People v Izepia (2024 NY Slip Op 06360)

People v Izepia

2024 NY Slip Op 06360

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2022-05883
 (Ind. No. 71440/21)

[*1]The People of the State of New York, respondent,
v
Angel Izepia, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered July 11, 2022, convicting him of criminal possession of a weapon in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a weapon in the fourth degree, upon his plea of guilty, as a result of allegations that he possessed an unlicensed firearm in his home.
As the defendant correctly concedes, his contentions that Penal Law § 265.01(1) is unconstitutional as applied to him and that Penal Law former § 400.00(1)(b) was facially unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) are unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Chase, 223 AD3d 913; People v Manners, 217 AD3d 683, 685). "Preservation of a constitutional challenge, in particular, ensures that the drastic step of striking duly enacted legislation will be taken not in a vacuum but only after the lower courts have had an opportunity to address the issue and the unconstitutionality of the challenged provision has been established beyond a reasonable doubt" (People v Cabrera, 41 NY3d 35, 43 [internal quotation marks omitted]).
Under the circumstances, we decline to exercise our interest of justice jurisdiction to consider the defendant's contentions (see CPL 470.15[3][c]).
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court