People v Kitt (2025 NY Slip Op 50152(U))

[*1]

People v Kitt

2025 NY Slip Op 50152(U)

Decided on February 13, 2025

Supreme Court, Kings County

Kitsis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2025
Supreme Court, Kings County

The People of the State of New York

against
Simeon Kitt, Defendant.

Ind. No. 73080-24

For the defendant: Miriam Gentile, Brooklyn Defender Services
For the People: Christian Rain Castaneda, Kings County District Attorney's Office

Michael D. Kitsis, J.

The defendant, who stands charged with one count each of Criminal Possession of a Weapon in the Second Degree (P.L. § 265.03(3)), Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02(1)), and Criminal Possession of a Firearm (P.L. § 265.01-B(1)), has moved to dismiss the indictment as unconstitutional. The People have opposed. After careful consideration of the defendant's motion, the People's response, and all relevant authority, the defendant's motion is denied.
The defendant's motion to dismiss the indictment is based on the argument that the Supreme Court's decision in NY State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022) has rendered Article 265 of the New York State Penal Law unconstitutional.[FN1]

The People argue that the defendant's motion is untimely, because it was filed on January 15, 2025, more than five months after the expiration of the 45-day timeline for motions set by C.P.L. § 255.20(1). Additionally, the defendant failed to include his application for relief in his omnibus motion as required by C.P.L. § 255.20(2), nor has he established any justification for his omission or his delay. However, the Court granted the defendant permission to make the motion, and in the interest of justice, will consider the motion on its merits.
As a threshold matter, the defendant argues that he was not required to apply for a firearm license in order to establish standing to challenge the constitutionality of the statutes at issue. The First Department has held otherwise. See, e.g., People v. Castillo, 226 AD3d 573 (1st Dept. 2024); People v. Edwards, 227 AD3d 513 (1st Dept. 2024); People v. Liriano, 226 AD3d 520 (1st Dept. 2024); People v. Johnson, 225 AD3d 453 (1st Dept. 2024); People v. Rodriguez, 226 AD3d 459 (1st Dept. 2024); People v. Slade, 228 AD3d 439 (1st Dept. 2024); People v. [*2]Stewart, 226 AD3d 624 (1st Dept. 2024); People v. Vega, 228 AD3d 467 (1st Dept. 2024); People v. Williams, 227 AD3d 480 (1st Dept. 2024). Since there is no apparent split among the appellate divisions in this State,[FN2]
the First Department's interpretation is binding on this Court. See Mountain View Coach Lines, Inc. v. Storms, 102 AD2d 663 (2d Dept. 1984). The defendant has not attempted to show that applying for a license would be futile.[FN3]

However, assuming that the defendant need not establish standing, the Court will address the merits of the defendant's claim, which misinterprets the impact of the Supreme Court's decision in NY State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1, 11 (2022).
The Bruen Court "ruled that New York's proper cause standard for issuance of public carry licenses violates the Second and Fourteenth Amendments. It did not address the rest of New York's licensing scheme or the interplay between the invalidation of New York's proper cause requirement and state statutes criminalizing unlicensed possession of a firearm." People v. Cabrera, 41 NY3d 35, 49-50 (2023) (internal citation omitted). See also People v. Rivera, 41 NY3d 936, 939-40 (2023) ("Bruen alone does not compel the conclusion that New York's criminal possession of a weapon statutes are unconstitutional[.]"); People v. Li, 226 AD3d 830 (2d Dept. 2024); People v. Mancuso, 225 AD3d 1151 (4th Dept. 2024); People v. Chase, 223 AD3d 913 (2d Dept. 2024); People v. Buckley, 222 AD3d 877 (2d Dept. 2023).
Thus, the Bruen decision "neither held any criminal statute unconstitutional nor called into doubt New York's criminal prohibitions on unlicensed possession of firearms." People v. Mcwilliams, 214 AD3d 1328, 1329 (4th Dept. 2023). The Second Department has held unequivocally that "[t]he ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes." People v. Manners, 217 AD3d 683, 686 (2d Dept. 2023) (citation omitted). See also People v. Chase, 223 AD3d 913 (2d Dept. 2024); People v. Joyce, 219 AD3d 627 (2d Dept. 2023). Consequently, the defendant's argument that the indictment against him is unconstitutional is unavailing, and runs counter to the binding authority of this State. Therefore, the defendant's motion to dismiss the indictment is denied.
The foregoing constitutes the Decision and Order of the Court.
Dated: February 13, 2025
Brooklyn, NY
Hon. Michael D. Kitsis, A.J.S.C.

Footnotes

Footnote 1:The defendant states that he served his motion upon the Attorney General, as required by C.P.L.R. § 1012(b). The Court has not received a response from the Attorney General.

Footnote 2:Generally, the Third and Fourth Departments have declined to reach the issue, holding that claims challenging the constitutionality of Article 265 were not preserved. E.g., People v. Portis, 224 AD3d 1317 (4th Dept. 2024); People v. Morris-Caldwell, 221 AD3d 1137 (3d Dept. 2023). Although the Second Department has reached the merits of the issue in holding that Bruen did not have an impact on the constitutionality of Article 265 (e.g., People v. Chase, 223 AD3d 913 (2d Dept. 2024)), it has not stated that the defendant is excused from having to establish standing. The Court of Appeals expressly declined to address the issue of standing in a case in which the constitutional challenge was unpreserved. See People v. Cabrera, 41 NY3d 35 (2023). But see People v. Garcia, 41 NY3d 62 (2023) (Rivera, J., dissenting). Here, the People have made a timely objection to the defendant's standing. See People v. Hunter, 17 NY3d 725 (2011).

Footnote 3:Although the defendant argues that the current licensing scheme, under the Concealed Carry Improvement Act, is unconstitutional, he has not established that his license application would likely be denied, let alone that such an application would be futile. Nor has the defendant established that the current "good moral character" requirement (P.L. § 400.00(1)(b)) is equivalent to the "proper cause" requirement invalidated in Bruen.