People v Lawson (2025 NY Slip Op 00985)

People v Lawson

2025 NY Slip Op 00985

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-05414
 (Ind. No. 73108/21)

[*1]The People of the State of New York, respondent,
v
Ashantee Lawson, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rhonda Tomlinson, J.), rendered June 22, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that Penal Law §§ 265.01-b(1) and 265.01(1) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and that the indictment was thus defective, is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 42, 50-51; People v Sirleaf, 231 AD3d 969). In any event, the defendant's contention is without merit. The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Wilson, 222 AD3d 1006, 1009; People v Joyce, 219 AD3d 627, 627-628; People v Manners, 217 AD3d 683).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court