People v Lee (2025 NY Slip Op 01643)

People v Lee

2025 NY Slip Op 01643

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-01079

[*1]The People of the State of New York, respondent,
v
Jawan Lee, appellant. (S.C.I. No. 73399/22)

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Christopher Moore of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mary L. Bejarano, J.), rendered January 5, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of attempted criminal possession of a weapon in the second degree pursuant to Penal Law §§ 110.00 and 265.03, upon his plea of guilty, as a result of an incident in which he was found in possession of a loaded handgun after the car in which he was a passenger was stopped by police.
The defendant contends that Penal Law § 265.03 is unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1). However, this argument is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35; People v Sargeant, 230 AD3d 1341; People v Manners, 217 AD3d 683). In Bruen, the United States Supreme Court concluded that because the State of New York issued public-carry licenses only when an applicant demonstrated a special need for self-defense, the state's licensing regime violated the Second and Fourteenth Amendments (see New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US at 11). The court determined that the "proper cause" requirement of Penal Law former § 400.00(2)(f) violated these amendments in that it prevented law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms (see New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US at 70-71).
In any event, the defendant's contention is without merit. The ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Manners, 217 AD3d 683).
The defendant's contention that the mandatory surcharge and fees imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see id. § 470.05[2]). In any event, as the record does not establish any of the grounds enumerated in the statute to waive such fees and charges, the defendant's [*2]contention is without merit (see id. § 420.35[2-a][a]-[c]; People v Attah, 203 AD3d 1063, 1064).
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court