People v Cooper (2025 NY Slip Op 02081)

People v Cooper

2025 NY Slip Op 02081

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2020-01560
 (Ind. No. 6876/15)

[*1]The People of the State of New York, respondent,
v
Ramon Cooper, appellant.

Patricia Pazner, New York, NY (Sean Murray and Patterson Belknap Webb & Tyler, LLP [Lauren Schorr Potter, Anna Boltyanskiy, and Jacob I. Chefitz], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ann Bordley, Jean M. Joyce, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered January 30, 2020, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with one count of murder in the second degree (Penal Law § 125.25[1]) and two counts of criminal possession of a weapon in the second degree (id. § 265.03[1][b]; [3]) based on, inter alia, surveillance video showing him and another person firing three shots at the decedent from point-blank range in a courtyard of the public housing complex where all three lived. Following a jury trial, the defendant was convicted of all counts.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the conviction of murder in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that the Supreme Court erred by failing to submit the lesser included offense of manslaughter in the first degree to the jury. In any event, the defendant's contention is without merit. "'A party who seeks to have a lesser included crime charged to the jury must satisfy a two-pronged inquiry'" (People v Bonich, 208 AD3d 679, 680, quoting People v Rivera, 23 NY3d 112, 120; see People v Van Norstrand, 85 NY2d 131, 135). "First, [the] defendant must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Secondly, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (People v Van Norstrand, 85 NY2d at 135). The evidence must be viewed in [*2]the light most favorable to the defendant (see People v Rivera, 23 NY3d at 120-121). Here, the evidence adduced at trial demonstrated that the decedent was shot directly in the chest at point-blank range after the defendant had paced the courtyard for approximately 10 minutes. Viewing the record in the light most favorable to the defendant, there was no reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater offense (see People v Bonich, 208 AD3d at 681; People v Salton, 120 AD3d 838).
The defendant's contention that Penal Law § 265.03(3) is unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 39, 42-51; People v Belizaire, 222 AD3d 875, 877; People v Manners, 217 AD3d 683, 685). In any event, the defendant's contention is without merit because the ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Belizaire, 222 AD3d at 877; People v Joyce, 219 AD3d 627, 628; People v Manners, 217 AD3d at 686).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 83).
BRATHWAITE NELSON, J.P., WOOTEN, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court