People v Emmanuel D. (2025 NY Slip Op 03081)

People v Emmanuel D.

2025 NY Slip Op 03081

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-01217
 (Ind. No. 70462/22)

[*1]The People of the State of New York, respondent,
v
Emmanuel D. (Anonymous), appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered January 4, 2023, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree, and imposing sentence.
ORDERED that the judgment is affirmed.
On December 31, 2021, the defendant, who was 18 years old, was charged with criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), criminal possession of a firearm (id. § 265.01-b[1]), and criminal possession of a weapon in the fourth degree (id. § 265.01[1]).
Thereafter, the defendant moved to dismiss the indictment on the basis of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), contending, inter alia, that in Bruen, the Supreme Court held that New York's gun licensing statutory scheme was repugnant to the Second Amendment. The defendant contended in the alternative that, even if Bruen did not directly address the constitutionality of Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1), those statutes were unconstitutional because each of those statutes contained a "blanket prohibition" on the possession of firearms and were unconstitutional as applied to him. The Supreme Court denied the motion.
The defendant subsequently pleaded guilty to criminal possession of a weapon in the second degree (id. § 265.03[3]). The defendant appeals.
The defendant's contention that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) are unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is without merit. In Bruen, "[t]he Court found that the proper cause requirement of Penal Law § 400.00(2)(f) violated the Fourteenth Amendment to the United States Constitution in that it prevented law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms" (People v Manners, 217 AD3d 683, 685; see New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US at 38). Nevertheless, the Supreme Court stated that the Second Amendment [*2]was subject to "well-defined restrictions governing the intent for which one could carry arms, the manner of carry, or the exceptional circumstances under which one could not carry arms" (New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US at 38). Thus, Bruen did not hold that New York's entire gun licensing scheme was unconstitutional (see id. at 31-32). Further, as this Court has repeatedly held, the decision in Bruen "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Stewart, 235 AD3d 910, 910 [internal quotation marks omitted]; see People v Outten, 233 AD3d 897, 898; People v Sargeant, 230 AD3d 1341, 1355; People v Manners, 217 AD3d at 686).
The defendant also has not established that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) are unconstitutional on their face. "A party mounting a facial constitutional challenge bears the substantial burden of demonstrating that in any degree and in every conceivable application, the law suffers wholesale constitutional impairment" (Matter of E.S. v P.D., 8 NY3d 150, 158 [internal quotation marks omitted]). This is the "most difficult challenge to mount successfully," because it requires a defendant to "establish that no set of circumstances exists under which the [statutes] would be valid" (United States v Rahimi, 602 US 680, 693 [internal quotation marks omitted]; see United States v Salerno, 481 US 739, 745; Overstock.com, Inc. v New York State Dept. of Taxation & Fin., 20 NY3d 586, 593).
Here, the defendant has failed to demonstrate that there is no set of circumstances under which Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) would be valid (see generally United States v Rahimi, 602 US at 693). "New York's criminal weapon possession laws prohibit only unlicensed possession of [firearms]. A person who has a valid, applicable license for his or her [firearm] commits no crime" (People v Hughes, 22 NY3d 44, 50). New York may constitutionally require a license in order to possess a firearm and impose at least some requirements to obtain that license (see generally United States v Rahimi, 602 US at 693; New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US at 69; District of Columbia v Heller, 554 US 570, 626; People v Perkins, 62 AD3d 1160, 1161). The defendant has not established that every single requirement that New York imposed to obtain a license was unconstitutional (see Penal Law former § 400.00[1]; District of Columbia v Heller, 554 US at 626; see also People v Cabrera, 41 NY3d 35, 50).
The defendant contends that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) are unconstitutional as applied to him because the minimum age requirement in Penal Law § 400.00(1)(a) and the proper cause requirement in Penal Law former § 400.00(2)(f) prevented him from obtaining a license to lawfully possess a firearm. However, the defendant lacked standing to assert these arguments because there is no evidence in the record that he applied for a license (see People v Maldonado, 230 AD3d 1069, 1070; United States v Decastro, 682 F3d 160, 164 [2d Cir]). The defendant's contention that his application for a license would have been futile because he did not meet the minimum age requirement is unpreserved for appellate review, as he failed to raise that specific argument in his motion (see People v Cabrera, 41 NY3d at 42; People v Bailey, 234 AD3d 560, 561; People v Maldonado, 230 AD3d at 1070), and we decline to review it in the exercise of our interest of justice jurisdiction.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court