People v Williams (2025 NY Slip Op 05830)

People v Williams

2025 NY Slip Op 05830

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-07549
 (Ind. No. 71747/21)

[*1]The People of the State of New York, respondent,
v
Michael Williams, appellant.

Twyla Carter, New York, NY (Ji Hyun Rhim of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered August 26, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and criminal possession of a firearm (id. § 265.01-b[1]). Thereafter, the defendant moved to dismiss the indictment based on the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1). The Supreme Court denied the motion, and the defendant subsequently pleaded guilty to criminal possession of a firearm (Penal Law § 265.01-b[1]). The defendant appeals.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264-265). Based on the totality of the circumstances, including the defendant's limited contact with the criminal justice system, the record does not establish that he understood the nature of the appellate rights he was waiving (see People v Johnson, 241 AD3d 706; People v Pinnock, 239 AD3d 1000).
However, the defendant's contention that Penal Law § 265.01-b(1) is unconstitutional in light of the decision in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US at 1) is without merit. "Bruen did not hold that New York's entire gun licensing scheme was unconstitutional" (People v Emmanuel D., 238 AD3d 1068, 1069; see People v Li, 226 AD3d 830, 832). Further, the decision in Bruen "had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Manners, 217 AD3d 683, 686; see People v Emmanuel D., 238 AD3d at 1069; People v Li, 226 AD3d at 832).
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court