People v Roseborough (2025 NY Slip Op 06081)

People v Roseborough

2025 NY Slip Op 06081

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-03101
 (Ind. No. 506/19)

[*1]The People of the State of New York, respondent,
v
Nicholas Roseborough, appellant.

Anthony N. Iannarelli, Jr., Suffern, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Robert H. Freehill, J., at plea; Hyun Chin Kim, J., at sentence), rendered April 5, 2021, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545; People v Richards, 224 AD3d 782, 782-783). The County Court stated to the defendant that as result of his waiver of the right to appeal, "no further review of the plea and sentence will occur and the plea and sentence will be final and irrevocable." Thus, the court utterly mischaracterized the nature of the right the defendant was being asked to cede by stating that the waiver would be an absolute bar to the taking of an appeal (see People v Marte, 226 AD3d 926, 926-927; People v Richards, 224 AD3d at 783; People v Dixon, 184 AD3d 854, 855). Under the circumstances, the written waiver of the right to appeal was not sufficient to cure the deficiencies in the court's oral explanation of the waiver (see People v Matthew M., 224 AD3d 927, 929). Therefore, the purported waiver of the right to appeal does not preclude appellate review of the defendant's constitutional argument.
However, the defendant's contention that Penal Law § 265.03(3) is unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1) is unpreserved for appellate review, since he failed to raise a constitutional challenge before the County Court (see People v Cabrera, 41 NY3d 35, 41-51; People v Wilson, 222 AD3d 1006; People v Manners, 217 AD3d 683, 685-686). In any event, the defendant's contention is also without merit. The Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Chase, 223 AD3d 913, 913; People v Manners, 217 AD3d at 686).
Accordingly, we affirm the judgment of conviction.
BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court