People v Rosa (2025 NY Slip Op 06080)

People v Rosa

2025 NY Slip Op 06080

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2022-02615
 (Ind. No. 490/20)

[*1]The People of the State of New York, respondent,
v
Xavier Rosa, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered March 31, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed.
The defendant was indicted for criminal possession of a weapon in the second degree (Penal Law § 265.03[3]), criminal possession of a firearm (Penal Law § 265.01-b[1]), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01[1]) as a result of an incident in which he was found in possession of a loaded firearm outside of his home or place of business. The defendant was convicted, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03[3]).
The defendant's contention that Penal Law §§ 265.03(3), 265.01-b(1), and 265.01(1) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and that the indictment was thus defective, is unpreserved for appellate review, since he failed to raise a constitutional challenge before the Supreme Court (see People v Thompson, 239 AD3d 774, 774; People v Phillips, 236 AD3d 680, 681). In any event, "[t]he Bruen decision had no impact on the constitutionality of New York State's criminal possession of a weapon statutes" (People v Thompson, 239 AD3d at 774-775; see People v Manners, 217 AD3d 683, 686).
"Criminal Procedure Law § 420.35(2-a) permits the waiver of surcharges and fees for individuals, like the defendant, who were less than 21 years old at the time of the subject crime" (People v Carbera, 222 AD3d 878, 879). Pursuant to the exercise of our interest of justice jurisdiction, and as consented to by the People, we modify the judgment by vacating so much of the sentence as imposed a mandatory surcharge and fees (see CPL 420.35[2-a][c]; People v Mallette, 239 AD3d 886, 887; People v Odesanya, 225 AD3d 631, 632).
DUFFY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court