People v Padia (2026 NY Slip Op 00263)

People v Padia

2026 NY Slip Op 00263

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-04097
 (Ind. No. 70460/21)

[*1]The People of the State of New York, respondent,
vChelcie Padia, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Laura R. Johnson, J.), rendered April 20, 2023, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of criminal possession of a firearm, upon his plea of guilty (Penal Law § 265.01-b[1]). On appeal, the defendant contends that his conviction is unconstitutional in light of New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1).
The defendant's valid waiver of his right to appeal does not preclude review of his facial constitutional challenge (see People v Johnson, _____ NY3d _____, _____, 2025 NY Slip Op 06528, *1, *3). However, the defendant's contention is unpreserved for appellate review, as the defendant failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35, 39; People v Joyce, 219 AD3d 627, 628; see also People v Johnson, _____ NY3d at _____, 2025 NY Slip Op 06528, *2).
In any event, "[t]he party making a facial challenge must establish that a law is unconstitutional in every possible application" (People v Johnson, _____ NY3d at _____, 2025 NY Slip Op 06528, *3). The defendant here "has failed to show that there is no set of circumstances in which the licensing scheme would be constitutionally valid" (People v Johnson, _____ NY3d at _____, 2025 NY Slip Op 06528, *3). Accordingly, the defendant's contention that his conviction was unconstitutional is without merit (see People v Johnson, _____ NY3d at _____, 2025 NY Slip Op 06528, *3; People v Sargeant, 230 AD3d 1341, 1355, affd _____ NY3d _____, 2025 NY Slip Op 06361; People v Li, 226 AD3d 830, 832).
IANNACCI, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court